```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                        DIVISION OF ST. CROIX
```

|  |  |
|---|---|
| NICHOLAS SAAKVITNE, TRUSTEE, INDEPENDENT FIDUCIARY AND PLAN ADMINISTRATOR OF THE ERG RETIREMENT TRUST AND THE ENERGY, RESEARCH AND GENERATION PROFIT SHARING PLAN,<br><br>            Plaintiff,<br><br>      v.<br><br>BAY ESTATES GROUP LIMITED LIABILITY LIMITED PARTNERSHIP; NORMAN I. ADAMS, IV; ACACIA PROPERTIES, L.P.; EVELYN C. HERMSMEIER, ERIC B. BENSON, and BRADLEY D. BENSON, AS TRUSTEES OF THE BENSON VIRGIN ISLANDS FAMILY HERITAGE TRUST; TRUST COMPANY OF AMERICA; and J.C. LOCKHART,<br><br>            Defendants. | Civil No. 2016-cv-59 |

**ATTORNEYS:**

**J. Daryl Dodson**
Moore, Dodson and Russell
St. Thomas, U.S.V.I.
    *For the plaintiff.*

## ORDER

**GÓMEZ, J.**

Before the Court is the complaint of Nicholas Saakvitne.

### I.  FACTUAL AND PROCEDURAL HISTORY

On July 28, 2016, Nicholas Saakvitne ("Saakvitne") filed a debt and foreclosure action in the Superior Court of the Virgin Islands against Bay Estates Group Limited Liability Limited

Partnership; Norman I. Adams, IV; Acacia Properties, L.P.; Evelyn C. Hermsmeier, Eric C. Benson, and Bradley D. Benson, as trustees of the Benson Virgin Islands Family Heritage Trust; Trust Company of America; J.C. Lockhart; ERG Aerospace Corp.; VINGN, Inc.; Architectural Mill Work, Inc.; and the United States of America. His complaint sought to foreclose on real property described as:

> Plot No. 3
> King Cross Street
> Town of Christiansted
> St. Croix, U.S. Virgin Islands
>
> and
>
> Remainder Plot No. 254 of Estate Glynn
> Queen Quarter
> St. Croix, U.S. Virgin Islands
> (collectively, the "Properties").

The original complaint alleged that the United States had recorded a *lis pendens* against both of the Properties because a pending indictment sought forfeiture of those Properties. *See* ECF No. 1-2, at ¶ 32. On August 25, 2016, the United States removed the case to this Court.

Saakvitne filed a motion to amend his complaint on June 12, 2017.[1] In that motion, Saakvitne indicated that the United States

---

[1] Saakvitne had previously amended his complaint on November 15, 2016.

had released its *lis pendens* over the Properties. His proposed amended complaint removed the United States as a defendant.

The amended complaint, which excludes the United States as a party, is now the operative complaint.

## II.  ANALYSIS

It is well established that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When the United States removed this action, it asserted that this Court had jurisdiction pursuant to 28 U.S.C. § 1444. ECF No. 1, at 1. Title 28, section 1444 provides that "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." Title 28, section 2410 provides, in pertinent part, that "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter[,] . . . to foreclose a mortgage or other lien upon . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a).

Significantly, the United States is no longer a party to this action. As such, jurisdiction--to the extent that it is founded on the inclusion of the United States as a party--no longer exists. Moreover, the debt and foreclosure claims asserted by Saakvitne are state law claims, none of which present a federal question over which this Court may exercise original jurisdiction.

Because the Court lacks original jurisdiction over any of Saakvitne's claims, it is within the sound discretion of the Court to determine whether or not to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3)("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); *Annulli v. Panikkar,* 200 F.3d 189, 202 (3d Cir.1999) (explaining that the decision to exercise supplemental jurisdiction is reviewed for abuse of discretion, "focusing on whether the dismissal of the pendent claims best serves the principles of judicial economy, convenience, fairness, and comity"). Exercising that discretion, the Court will decline supplemental jurisdiction over the remaining claims

in this case. Thus, there are no claims over which this Court has subject matter jurisdiction.

It is axiomatic that where, as here, a removed case suffers for want of subject matter jurisdiction "at any time before final judgment . . . , the case shall be remanded." *See* 28 U.S.C. § 1447(c). Accordingly, the Court will remand this matter to the Superior Court of the Virgin Islands.

The premises considered; it is hereby

**ORDERED** that this matter is **REMANDED** to the Superior Court of the Virgin Islands for all further proceedings.

S_____
    **Curtis V. Gómez**
    **District Judge**